■        In the Matter of JULIA D. S. LUCE et al., Respondents, against J. JOHN HASSETT, JR., et al., as Coexecutors of J. JOHN HASSETT, Deceased, Appellants, et al., Defendants.— Appeal from a judgment of the Supreme Court entered in Chemung County on October 19, 1954, which adjudged that the plaintiffs have an easement and right of way over a strip of land ten feet in width extending from East First Street to East Church Street in the city of Elmira, New York. The action was brought under article 15 of the Real Property Law to determine the rights of the parties in this ten-foot strip of land which presently consists of an alleyway extending through an entire city block in the rear of properties fronting on Railroad Avenue and State Street. The alleyway runs substantially north and south. Plaintiffs' predecessors in title at one time owned the greater portion of the entire block. In 1946 they conveyed a portion of the block to the west of the alley and the land in the alley to appellants' predecessor in title by a deed which contained the clause: " Excepting from the above described premises the rights that the abutting property owners have in the use of said strip of land leading from First Street to Church Street and also the rights of the parties of the first part, their tenants, successors and assigns in the said above described strip of land." Plaintiffs still own property on the east side of the alley known as 305–307 State Street, and the alley abuts this property in the rear. It appears without dispute that plaintiffs, their predecessors in title and their lessees, have used the alley for at least twenty-five years. It was being openly used by abutting owners or lessees at the time of the sale to appellants' predecessor in title, and has been so used openly since such sale. Plaintiffs claim that the clause quoted above reserved for the benefit of their property at 305–307 State Street a right of way over the alley. Appellants claim that, because the word " excepting " instead of " reserving " was used, the grantors reserved nothing, and that if the clause excepted all of the grantors' rights (ownership in fee) the exception would have been as broad as the grant and therefore void. While technically a " reservation " is something taken back from what has been granted and that which is " excepted " is not granted at all, it has been recognized that the words are often used interchangeably, and " whenever necessary, the technical meaning must yield to the manifest intent even though the technical term to the contrary is used." (Las-Daub Realty Corp. v. Fain, 214 App. Div. 8, 13.) The court below has found from the language used, the condition of the properties at the time, the use of the alleyway before and since the transfer with full knowledge of the parties, that it was clearly the intention of the parties to reserve an easement or right of way over the strip of land in question. The

record amply sustains such a determination. Judgment unanimously affirmed, with costs to respondents. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.